UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYNO THOMAS, *on behalf of himself and all others similarly situated,*

                              Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                              CV 12-6219 (JFB) (GRB)

        -against-

OMNI CREDIT SERVICES, INC.,

                              Defendant.
------------------------------------------------------------X
**BROWN, Magistrate Judge:**

       Plaintiff Tyno Thomas ("plaintiff") claims that defendant Omni Credit Services, Inc. ("Omni" or "defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), by failing to properly identify itself when leaving answering machine messages as part of its efforts to collect debts.  Compl. ¶¶ 8-15, DE [1].  Omni has failed to respond to the complaint.  Before applying for entry of default, plaintiff requests that the Court permit limited discovery that, plaintiff hopes, may provide support for certification of a class of similarly situated plaintiffs.  Motion for Discovery, Feb. 6, 2013, DE [5] (hereinafter "Motion").  For the reasons described herein, the motion is GRANTED.

BACKGROUND

       Plaintiff commenced this action December 18, 2012, alleging violations of the FDCPA, 15 U.S.C. §§ 1692d-1692e.  Compl. ¶ 16.  Plaintiff specifically claims that defendant repeatedly called plaintiff and left the same voicemail.  *Id.* ¶¶ 8-9.  Plaintiff alleges that the message fails to identify defendant, which plaintiff characterizes as "deceptive and harassing" and an attempt "to

trick the plaintiff into calling the Defendant back."[1]  *Id.* ¶ 13.

The complaint also alleges harm to a class of plaintiffs that purportedly includes "all persons in the State of New York to whom defendant placed a telephone call and left a message substantially similar or materially identical to those left by for [sic] the Plaintiff's [sic] and/or left a message that failed to meaningfully identify themselves as identified above during the one year period immediately preceding the filing of this action."  *Id.* ¶ 17.

Plaintiff purports to have served defendant by delivering two copies of the summons and complaint and the statutory fee to the New York Department of State in Albany.  Summons, DE [4].  Plaintiff also claims to have notified defendant of the action via a separate letter.  Mot. 1.  Defendant has not responded to the complaint.

Plaintiff then filed the Motion.  The Motion requests permission to proceed with certain discovery -- specifically, the service of subpoenas under Rule 45 -- notwithstanding defendant's failure to appear.  *Id.*  Plaintiff claims that he "needs to acquire certain additional information (via Rule 45 based discovery) in order to move for class certification … and to help establish statutory damages."  *Id.*

## DISCUSSION

Ordinarily, parties are authorized to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  *See* Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 26(d)(1) forbids a party from seeking discovery "from any source before

---

[1] Plaintiff alleges that the entire message stated as follows: "9944. Please hit zero to route your call. This is an attempt to collect a debt any information obtained will be used for that purpose. Thank you." Compl. ¶ 11. The prompt to "hit zero to reroute your call" suggests that the message was actually directed at debtors who *answer* the phone, and was accidentally left on the answering machine. It does not, as plaintiff claims, appear to be a mechanism intentionally designed "to trick the plaintiff into calling…back."  Insofar as this Order is not meant to assess the merits of plaintiff's claim that the mere failure of the purported creditor to identify itself gives rise to a cause of action, the distinction is immaterial.

the parties have conferred as required by Rule 26(f)," except as "authorized ... by court order." Fed. R. Civ. P. 26(d)(1). This is generally viewed as requiring a showing of good cause. *See, e.g.*, *In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-CV-3995, 12-CV-1147, 12-CV-1150, 12-CV-1154, 2012 WL 1570765, at *6 (E.D.N.Y. 2012); *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005).

Courts have previously permitted plaintiffs to proceed with discovery that might support class certification against a defaulting defendant. For example, Magistrate Judge Tomlinson recently noted that, although the authorities "fall far short of a ringing endorsement to allow class discovery prior to moving for default judgment," such discovery was warranted. *DeNicola v. Asset Recovery Solutions, LLC*, No. 11-CV-1192, 2011 U.S. Dist. LEXIS 61976 (E.D.N.Y. 2011). *See also Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 361 (E.D. Wis. 2004) (permitting discovery under Rule 45, but not under the Rules applicable to parties that have appeared in the action).[2]

There are sound policy reasons behind such decisions. To deny plaintiff the opportunity to pursue class action discovery in the face of a default creates the risk that a defendant might strategically default to avoid class certification -- a risk that has been recognized in at least one other FDCPA case. *See Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 360 (E.D. Wis. 2004) ("It is unclear why defendant defaulted although plaintiff contends that defendant did so strategically, calculating that without its participation plaintiff would have difficulty proving such matters as the propriety of class certification"). A "class action … may only be certified if

---

[2] Limiting the request for discovery to Rule 45, as plaintiff has here, avoids the difficult question of how other discovery devices would operate where the defendant has not appeared. *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) (noting that a defaulting defendant probably cannot respond to requests for admission).

the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982). "[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *Id.* at 160. Courts are not generally permitted to certify a class of plaintiffs upon mere default or admission. *E.g.*, *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974) ("[I]t is not sufficient that plaintiffs make an uncontested motion for a class determination. The Rules impose the additional requirements of class determination and definition on the district judge."). Thus, by intentionally defaulting, a defendant could effectively prevent certification of a class.

This Court is required to "protect[] absent class members whose rights may be affected by the [prospect of] class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003). While plaintiff may or may not be successful in its efforts to gather sufficient evidence to move for class certification, the considerations discussed herein certainly weigh in favor of affording plaintiff the opportunity to try. Accordingly, plaintiff has demonstrated good cause to conduct the subject discovery and the motion to commence discovery under Rule 45 is granted.

## CONCLUSION

For the reasons set forth herein, it is hereby ORDERED that plaintiff is entitled to commence discovery under Rule 45. Plaintiff is directed to file a report within ninety (90) days of this Order, advising the Court of the status of this matter.

Dated: Central Islip, New York  **SO ORDERED:**
       March 13, 2013

                                                  /s/ Gary R. Brown
                                                 GARY R. BROWN
                                                 United States Magistrate Judge

4